THIRD DEPARTMENT, OCTOBER, 1992

(October 1, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL I. SERNA, Appellant.—Appeals (1) from a judgment of

the County Court of Albany County (Harris, J.), rendered December 6, 1985, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the first degree, and (2) by permission, from an order of said court (Keegan, J.), entered October 22, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant contends that his guilty plea was not entered voluntarily but resulted from coercion by defense counsel and denial of his right to effective assistance of counsel. Defendant's contention that he was coerced by defense counsel is belied by the minutes of the plea proceeding in which County Court elicited from defendant that he was not coerced or threatened by anyone to enter the plea. That defendant claims otherwise merely presented a question of credibility for County Court to resolve (see, People v Kelsch, 96 AD2d 677; cf., People v Alexander, 161 AD2d 1035, lv denied 76 NY2d 851). Defendant also contends that he was not informed of his right to appear before the Grand Jury. The Grand Jury proceeding was apparently initiated by indictment. The People were therefore not required to notify defendant of his right to appear (CPL 190.50 [5]; see, People v Wong, 163 AD2d 738, lv denied 76 NY2d 992). In any event, defendant waived his right to appear by not making a timely motion to dismiss the indictment (see, People v Gonzales, 168 AD2d 743, lv denied 77 NY2d 906). Further, defendant does not claim that he would have availed himself of that right, and thus defense counsel's alleged failure to secure defendant an opportunity to testify before the Grand Jury did not amount to ineffective assistance of counsel because no prejudice appeared to accrue to defendant (see, id.).

Defendant argues on his direct appeal from the judgment of conviction that the 15 years to life prison sentence he received was harsh and excessive. We disagree. Defendant's plea was entered in full satisfaction of a two-count indictment. The sentence was well within the statutory guidelines (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]) and was in accordance with the plea bargain. Given these circumstances and the serious nature of the crime involved, we find no reason to disturb the sentence imposed by County Court (see, People v Sinclair, 150 AD2d 950).

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.