(April 28, 2005)

■ The People of the State of New York, Respondent, v Phillip A. Sayles, Appellant. [794 NYS2d 160]—

Spain, J. Appeal, by permission, from an order of the Supreme Court (Lamont, J.), entered May 5, 2003 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the second degree, without a hearing.

Defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of a two-count indictment, waiving his right to appeal, and was sentenced as a second felony offender to a prison term of six years to life. This Court affirmed the judgment of conviction (292 AD2d 641 [2002], lv denied 98 NY2d 681 [2002]). Thereafter, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10. Supreme Court denied defendant's motion without a hearing. Defendant now appeals, claiming that he was denied the effective assistance of counsel.

We affirm. Initially, we note that Supreme Court properly denied defendant's motion as it pertained to his claims that his trial counsel was ineffective due to his failure to file a memorandum of law in support of a suppression motion or notify defendant of his right to give grand jury testimony. Inasmuch as these claims were raised and rejected on defendant's direct appeal (292 AD2d at 643), they may not now form the basis for a CPL 440.10 motion (see CPL 440.10 [2] [a]; People v Rossney, 186 AD2d 926, 926 [1992], lv denied 81 NY2d 794 [1993]).

Turning to defendant's additional argument that he was coerced by counsel into entering the plea, we perceive no abuse of discretion in Supreme Court's denial of defendant's motion without a hearing. In this regard, defendant's self-serving and conclusory affidavit is directly contradicted by the record evi-

dence before Supreme Court, including his unequivocal affirmations to the court during his plea allocution that he was entering the plea of his own free will, fully understood its consequences, had not been pressured by anyone to plead guilty and was satisfied with the services of counsel (*see* CPL 440.30 [4] [d]; *People v Hickey*, 277 AD2d 511, 512 [2000], *lv denied* 95 NY2d 964 [2000]; *People v Santiago*, 227 AD2d 657, 658 [1996]; *People v Serna*, 186 AD2d 836, 837 [1992]). Finally, counsel negotiated an extremely advantageous plea bargain, with defendant receiving a sentence that was considerably more lenient than the maximum allowable and which was ordered to run concurrently, not consecutively, to a sentence he was serving for an unrelated conviction (*see* Penal Law § 220.18 [1]; § 70.06 [3] [a]; [4] [a]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Ward*, 2 AD3d 1219, 1220 [2003], *lv denied* 2 NY3d 808 [2004]). Based on the foregoing, we find that defendant received meaningful representation and his CPL 440.10 motion was, therefore, properly denied.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed.