# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

426
KA 12-00289
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

FERNANDO RIVERA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered December 23, 2011. The order denied the motion of defendant to vacate the judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: We granted defendant permission to appeal from an order denying his motion seeking to vacate the judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [2]), in connection with the attack of a fellow inmate in 1999. We reject defendant's contention that Supreme Court erred in denying his motion without conducting a hearing. Defendant asserted in support of his motion that he is actually innocent of the offense, and he submitted the affidavits of other inmates who witnessed the attack and an inmate who took responsibility for the attack. To the extent that defendant relies on those affidavits as newly discovered evidence that was not available at the time defendant pleaded guilty, we note that defendant pleaded guilty herein, and relief pursuant to CPL 440.10 (1) (g) based on newly discovered evidence is available only upon a verdict following a trial.

To the extent that defendant contends that he has a cognizable claim pursuant to CPL 440.10 (1) (h), i.e., he is entitled to a hearing to determine whether his constitutional rights have been violated, we note that, as a matter of first impression at the appellate level, the Second Department has recognized a "freestanding claim of actual innocence . . . rooted in . . . the constitutional rights to substantive and procedural due process, and the

constitutional right not to be subjected to cruel and unusual punishment" (*People v Hamilton*, 115 AD3d 12, 21).  That Court explained that " 'actual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt (*see Bousley v United States*, 523 US 614, 623-624), and must be based upon reliable evidence which was not presented *at trial* (*see Schlup v Delo*, 513 US [298,] 324)" (*id.* at 23 [emphasis added]).  Without deciding whether a claim of actual innocence is cognizable under CPL 440.10 (1) (h), we conclude that, in any event, the claim is not available where, as here, defendant does not challenge the voluntariness of his plea.  We note that defendant abandoned on appeal his contention that his plea was not voluntary because he was taking psychiatric medication.  In any event, the record supports the conclusion that defendant's plea of guilty was knowing and voluntary.  "The 'solemn act' of entering a plea . . . should not be permitted to be used as a device for a defendant to avoid a trial while maintaining a claim of factual innocence" (*People v Plunkett*, 19 NY3d 400, 406).

We reject defendant's contention that the court erred in refusing to conduct a hearing with respect to his contention that he was denied effective assistance of counsel based upon defense counsel's failure to interview civilian and inmate witnesses to the attack (*see* CPL 440.10 [1] [f], [h]).  That contention is belied by the record, which establishes that defense counsel moved for an order of the court to transport three inmate witnesses from the prisons where they were incarcerated for the purpose of testifying at defendant's trial and that one of those witnesses was at the courthouse when defendant pleaded guilty.

Entered:  May 2, 2014                           Frances E. Cafarell
                                                Clerk of the Court