■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RYDER, Appellant. [24 NYS3d 452]—

Garry, J. Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered January 10, 2014 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the third degree, without a hearing.

Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced, as a second felony offender, to 3½ years in prison, to be followed by three years of postrelease supervision. Defendant moved pursuant to CPL article 440 seeking to vacate the judgment of conviction on the grounds that, among other things, it was procured by duress, misrepresentation or fraud and that he did not receive the effective assistance of counsel. Supreme Court denied the motion without a hearing and defendant, with permission of this Court, now appeals.

We affirm. Defendant contends that he pleaded guilty based upon a misrepresentation by counsel that he would be pleading to a class C or D felony and entered into a shock incarceration program rather than sentenced to prison time. Defendant also alleges that he would not have pleaded guilty if counsel had informed him that he would not be sentenced until his codefendant's case was resolved. Defendant's claims are contradicted by the record, as the plea colloquy reflects that the terms

of the plea agreement—which included him pleading guilty to a class B felony with a promise of a sentence of between 3 and 4½ years in prison, followed by three years of postrelease supervision, contingent on his cooperation in the prosecution of his codefendant—were clearly explained to defendant prior to his plea and he affirmed his understanding of the terms. Further, during the colloquy, Supreme Court discussed the fact that defendant would not be sentenced until there was a resolution in the codefendant's case, as defendant's sentence was premised on his cooperation in that matter. Defendant's contention that he did not understand the plea proceedings because he had stopped taking medication for a mental illness is also belied by the record. Defendant acknowledged that he was thinking clearly at the time of his plea, and he made no statements during the colloquy that called his competency into question (*see People v Keebler*, 15 AD3d 724, 726 [2005], *lv denied* 4 NY3d 854 [2005]). As defendant's contentions are not factually supported, Supreme Court properly denied the motion without a hearing (*see People v LaPierre*, 108 AD3d 945, 947 [2013]; *People v Sayles*, 17 AD3d 924, 924-925 [2005], *lv denied* 5 NY3d 794 [2005]).

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur. Ordered that the order is affirmed.