## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 17, 2016                    107326
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                     MEMORANDUM AND ORDER

MICHAEL CURRIER,
                    Appellant.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Rose, J.

        Appeal, by permission, from an order of the County Court of
Washington County (McKeighan, J.), entered January 9, 2015, which
denied defendant's motion pursuant to CPL 440.10 to vacate the
judgment convicting him of the crime of predatory sexual assault
against a child, without a hearing.

        In satisfaction of a six-count indictment, defendant
pleaded guilty to predatory sexual assault against a child and
waived his right to appeal.  At sentencing, defendant moved to
withdraw his plea.  County Court denied the motion and sentenced
defendant in accordance with the negotiated plea agreement to a
prison term of 10 years to life.  Thereafter, defendant moved
pursuant to CPL 440.10 to vacate the judgment on the grounds that
there is newly discovered evidence of false representations by

the victim, the factual recitation prior to entering his plea negated an essential element of the charge and he was denied the effective assistance of counsel. County Court denied the motion without a hearing and defendant, by permission, appeals.

We affirm. To the extent that defendant contends that the judgment of conviction must be vacated because there is newly discovered evidence in the form of an affidavit of the victim's cousin indicating that the victim admitted to fabricating the accusations against defendant, we note that defendant's plea of guilty foreclosed such relief, which is available only upon a verdict following a trial (see CPL 440.10 [1] [g]; People v Rivera, 117 AD3d 1475, 1475 [2014], lv denied 23 NY3d 1024 [2014]; People v Lahon, 17 AD3d 778, 780 [2005], lv denied 5 NY3d 790 [2005]; People v Sides, 242 AD2d 750, 751 [1997], lv denied 91 NY2d 836 [1997]). Defendant's challenge to the voluntariness of his plea, his assertion that the plea colloquy negated an essential element of the crime and his challenge to the severity of the sentence imposed all should have been raised on a direct appeal and are not the proper subjects of a CPL 440.10 motion (see CPL 440.10 [2] [c]; People v Lang, 127 AD3d 1253, 1255 [2015]; People v Morin, 117 AD3d 1315, 1317 [2014], lvs denied 24 NY3d 1219, 1220 [2015]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013].

We find no error in County Court's decision not to conduct a hearing on defendant's CPL 440.10 motion. Significantly, the judge hearing the motion had presided over the prior proceedings and was fully familiar with all aspects of the case. The knowledge of the underlying proceedings, together with the written submissions received in connection with the motion, provided the court with a sufficient basis to decide the motion without a hearing (see People v Robetoy, 48 AD3d 881, 883 [2008]; People v Demetsenare, 14 AD3d 792, 793 [2005]). We also reject defendant's contention that he was denied meaningful representation because his counsel purportedly misinformed him regarding the length of the agreed-upon sentence, as the record reflects that defendant was fully aware of the sentence to be imposed at the commencement of the plea proceeding and he clearly stated during the plea colloquy that he was satisfied with defense counsel's representation. Under these circumstances, we

find that defendant received meaningful representation and that the motion to vacate the judgment was properly denied (see People v Lagas, 111 AD3d 1026, 1027 [2013], lv denied 22 NY3d 1200 [2014]; People v Pecararo, 83 AD3d 1284, 1287 [2011], lv denied 17 NY3d 820 [2011]).

Peters, P.J., Garry, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court