*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                107098
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

SAM MANN,
                        Appellant.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        Erin C. Morigerato, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered August 14, 2014, convicting defendant
upon his plea of guilty of the crime of strangulation in the
second degree.

        Defendant pleaded guilty to strangulation in the second
degree and waived his right to appeal.  County Court sentenced
defendant as a predicate felon, in accordance with the plea
agreement, to a prison term of seven years followed by five years
of postrelease supervision.  Defendant appeals.

        Initially, we are unpersuaded by defendant's contention
that the combined oral and written waiver of the right to appeal
was not knowing, voluntary and intelligent (see People v Lopez, 6

NY3d 248, 256 [2006]; People v Belile, 137 AD3d 1460, 1461 [2016]). The record reflects that County Court explained, and defendant acknowledged that he understood, that the waiver of the right to appeal is separate and distinct from the rights automatically forfeited by the guilty plea. In addition, defendant confirmed that he had read, understood and signed the written waiver of appeal, which he had executed in open court. Given defendant's valid waiver of the right to appeal, his challenge to the agreed-upon sentence as harsh and excessive is precluded (see People v Bethea, 133 AD3d 1033, 1033 [2015]).

Although defendant's challenge to the voluntariness of his guilty plea survives the appeal waiver, it is unpreserved for our review as the record does not indicate that defendant made any postallocution motion to withdraw his guilty plea (see CPL 220.60 [3]; People v Buck, 136 AD3d 1117, 1118 [2016]; People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied ___ NY3d ___ [May 10, 2016]). Furthermore, the narrow exception to the preservation rule is inapplicable as defendant made no statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Sawyer, 135 AD3d 1164, 1165 [2016], lv denied 27 NY3d 1006 [2016]; People v Bethea, 133 AD3d at 1034).

Lahtinen, J.P., Garry, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court