*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 17, 2016      106940
         108001

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,

              Respondent,

     v                      MEMORANDUM AND ORDER

RICHARD ODDY II,

              Appellant.

_____

Calendar Date: October 19, 2016

Before: Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

Theresa M. Suozzi, Saratoga Springs, for appellant.

M. Elizabeth Coreno, Special Prosecutor, Saratoga Springs, for respondent.

_____

Mulvey, J.

Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, J.), rendered July 23, 2013, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree, and (2) by permission, from an order of said court (Murphy, J.), entered December 22, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In August 2012, defendant was charged in a 14-count indictment with predatory sexual assault (four counts), sexual abuse in the first degree (four counts), sexual abuse in the third degree (two counts) and endangering the welfare of a child (four counts). The charges stemmed from allegations that

defendant engaged in sexual acts with several female children left in his care at his residence. In satisfaction of the charges, defendant pleaded guilty pursuant to a plea agreement to one count of criminal sexual act in the first degree. As required by the plea agreement, defendant also executed a written waiver of appeal in open court. Consistent with the terms of the plea agreement, County Court (Scarano, J.) sentenced defendant to a prison term of 14 years to be followed by 20 years of postrelease supervision. Defendant subsequently moved pursuant to CPL article 440 to vacate the judgment of conviction, claiming, among other things, that his plea was not entered knowingly, intelligently and voluntarily and that he received ineffective assistance of counsel. County Court (Murphy, J.) denied the motion, and defendant now appeals from the judgment and, with permission, from the order denying his motion to vacate.

We affirm. Initially, defendant's waiver of the right to appeal was valid. The record reflects that County Court (Scarano, J.) distinguished the right to appeal as "separate and distinct" from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he signed the written waiver after conferring with counsel regarding its contents. Accordingly, contrary to defendant's contention, defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Woods, 141 AD3d 954, 955 [2016]; People v Miller, 137 AD3d 1485, 1485 [2016]; People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]). As such, although defendant's challenge to County Court's denial of his motion to suppress incriminating statements that he made to a police investigator survives his guilty plea (see CPL 710.70 [2]; People v Henry, 133 AD3d 1085, 1086 [2015]), it is foreclosed by the valid appeal waiver, which provided that defendant waived his right to appeal the judgment of conviction on the basis of, among other things, the voluntariness of any statements made by him (see People v Simmons, 129 AD3d 1200, 1201 [2015], lv denied 27 NY3d 1075 [2016]; People v Dozier, 115 AD3d 1001, 1001-1002 [2014], lvs denied 24 NY3d 1082, 1083 [2014]; People v Boyce, 2 AD3d 1208, 1208 [2003], lv denied 2 NY3d 737 [2004]). Similarly,

defendant's arguments on his direct appeal that the sentence was harsh and excessive and that he received ineffective assistance of counsel are precluded by the valid waiver of appeal in which he expressly waived his right to seek appellate review of both the sentence and the effectiveness of counsel (see People v Lopez, 6 NY3d at 256; People v Woods, 141 AD3d at 955; People v Brasmeister, 136 AD3d 1122, 1123 [2016], lv denied 27 NY3d 993 [2016]).[1]

Turning to defendant's contention that his plea was not voluntary or knowingly made, while this claim survives the valid appeal waiver (see People v Mann, 140 AD3d 1532, 1533 [2016]; People v McCray, 139 AD3d 1235, 1235-1236 [2016]), he failed to preserve his challenge for our review by an appropriate postallocution motion pursuant to CPL 220.60 (3), despite having adequate opportunity to do so during the months between his guilty plea and sentencing (see People v Forest, 141 AD3d 967, 968 [2016]; People v Mann, 140 AD3d at 1533).  In addition, based upon our review of the transcript of the plea colloquy, we find that the narrow exception to the preservation rule is inapplicable because defendant made no statement during the plea allocution that was inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Zakrzewski, 140 AD3d 1536, 1537 [2016]; People v Beverly, 140 AD3d 1400, 1401 [2016], lvs denied 28 NY3d 927, 933 [2016]).

---

[1]  To the extent that defendant's ineffective assistance of counsel claim on his direct appeal implicates the voluntariness of his plea and thus survives the appeal waiver, given the absence in the record of an appropriate postallocution motion, this claim is unpreserved for our review (see People v Austin, 141 AD3d 956, 957-958 [2016]; People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]).

Finally, we find no error in the denial of defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction based upon the alleged ineffective assistance of trial counsel. Defendant's motion is premised primarily upon allegations that his counsel pressured him to accept the plea agreement and to plead guilty and that counsel failed to properly investigate possible defenses. Notwithstanding defendant's contentions, the transcript of the plea colloquy demonstrates that defendant was advised of his trial-related rights, that he was informed by County Court that no one could force him to plead guilty and that he was aware that he was giving up his rights by pleading guilty (see People v Currier, 137 AD3d 1428, 1429-1430 [2016], lv denied 27 NY3d 1131 [2016]; People v Ryder, 136 AD3d 1109, 1110 [2016], lv denied 27 NY3d 1005 [2016]; People v Stone, 9 AD3d 498, 499 [2004], lv denied 3 NY3d 712 [2004]). Furthermore, as the record reflects that defendant's counsel made appropriate pretrial challenges to the grand jury proceedings, to the indictment and to defendant's incriminating statements that he made to a police investigator, in addition to securing a favorable plea deal, there is nothing in the record that calls into question counsel's effectiveness (see People v Stahl, 141 AD3d 962, 966-967 [2016]). Nor has defendant demonstrated, given his plea of guilty to the crime of criminal sexual act in the first degree (see Penal Law § 130.50), that the nonrecord factual allegations in the proffered affidavits, if true, would entitle him to relief (see People v Decker, 139 AD3d 1113, 1117 [2016], lv denied 28 NY3d 928 [2016]). The balance of defendant's claims raised in his CPL 440.10 motion are claims that were capable of being raised in his direct appeal, which we have considered, and are therefore foreclosed for review in a CPL 440.10 motion (see CPL 440.10 [2] [c]; People v Lewis, 138 AD3d 1346, 1348 n 3 [2016]; People v Rebelo, 137 AD3d 1315, 1316 [2016], lv denied 28 NY3d 936 [2016]). Defendant's remaining claims have been considered and found to be without merit.

Peters, P.J., Garry, Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court