■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. BARTLETT, JR., Appellant. [50 NYS3d 616]—

Peters, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 28, 2015, convicting defendant upon his plea of guilty of the crimes of welfare fraud in the third degree and offering a false instrument for filing in the first degree (three counts).

Defendant was charged in an indictment with welfare fraud in the third degree and offering a false instrument for filing in the first degree (three counts). He thereafter pleaded guilty as charged and his plea included the waiver of the right to appeal. County Court sentenced him to the agreed-upon aggregate prison term of 2⅓ to 7 years, and defendant now appeals.

We affirm. We reject defendant's claim that, because County Court did not take into consideration his limited education, his waiver of the right to appeal was not knowing, intelligent and voluntary. Our review of the record reveals that County Court explained the trial-related rights that would be forfeited by defendant's guilty plea and the consequences thereof. The court separately explained the right to appeal and its ramifications, distinguished the right from the other rights that defendant was forfeiting, answered defendant's questions regarding the waiver, provided him with time to confer with counsel and

ascertained that he was voluntarily waiving the right to appeal. Defendant thereafter signed a written waiver in open court, after affirming to the court that counsel had read it to him and that he understood its meaning. In light of this, we find that defendant validly waived the right to appeal his conviction and sentence (*see People v Sanders*, 25 NY3d 337, 340-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). Defendant's valid appeal waiver precludes his contention that his sentence is harsh and excessive (*see People v Mann*, 140 AD3d 1532, 1533 [2016]; *People v Scott*, 139 AD3d 1266, 1266 [2016], *lv denied* 27 NY3d 1155 [2016]).

Defendant's claim that his sentence is illegal survives his appeal waiver, but our review of the record confirms that County Court imposed a legal sentence. Although County Court referred to one of the counts of offering a false instrument for filing in the first degree as a class D felony at sentencing, it is apparent from a review of the uniform sentence and commitment form that the court simply misspoke and that defendant was properly sentenced upon his conviction for three counts of offering a false instrument for filing in the first degree, a class E felony, and one count of welfare fraud in the third degree, a class D felony (*see People v Ressy*, 141 AD3d 839, 843 n 2 [2016], *lv denied* 28 NY3d 1030 [2016]). We have examined the remaining contentions advanced by defendant in his supplemental pro se brief and find them to be without merit.

Lynch, Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.