■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS HOWE, Appellant. [54 NYS3d 190]—

McCarthy, J.P. Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 3, 2012, convicting defendant upon his plea of guilty of the crime of robbery in the first degree, and (2) by permission, from an order of said court, entered February 5, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged by indictment with robbery in the first degree and grand larceny in the fourth degree stemming from his participation in a March 2011 armed robbery of a store with Michael Wells. Wells was convicted for this crime and thereafter implicated defendant and testified at the grand jury that handed up the indictment against defendant. After the jury was sworn at defendant's trial, defendant pleaded guilty to robbery in the first degree pursuant to a plea agreement that included a waiver of appeal. The guilty plea also satisfied other uncharged property crimes, a jailhouse assault charge and potential contraband charges and required that defendant admit or cooperate in the prosecution of those crimes. Consistent with that agreement, County Court imposed the agreed-upon prison sentence of 12 years with five years of post-release supervision. In 2015, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, which was denied without a hearing. He now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.

Defendant's sole contention on direct appeal is that the

agreed-upon sentence is harsh and excessive. Contrary to his claim, the record reflects that his combined oral and written waiver of appeal was knowing, voluntary and intelligent, precluding this challenge (*see People v Sanders*, 25 NY3d 337, 339-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Toledo*, 144 AD3d 1332, 1332-1333 [2016]). The minutes of the plea proceedings reflect that defendant was advised that an appeal waiver was a condition of the plea, he indicated that he understood and voluntarily agreed to the terms of the plea and the waiver, and he was expressly advised that the waiver of his right to appeal is separate and distinct from the rights that he automatically forfeited by his guilty plea (*see People v Lopez*, 6 NY3d at 256; *People v Belile*, 137 AD3d 1460, 1461 [2016]). Defendant then signed a written waiver of appeal in open court that outlined the issues that survive the appeal waiver and otherwise waived "any aspect of this matter" and specifically waived any right to argue that the sentence is harsh or excessive. The written waiver, like the oral colloquy, also reflected that defendant had sufficient time to discuss the waiver with counsel. As we are persuaded that defendant understood and voluntarily agreed to waive his right to appeal, he forfeited any challenge to the severity of the sentence (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d at 255-256; *People v Mann*, 140 AD3d 1532, 1533 [2016]).

We further find that defendant's motion to vacate the judgment was properly denied without a hearing (*see* CPL 440.30 [4] [d]). Defendant's ineffective assistance of counsel claim is premised solely upon the allegation in his affidavit that defense counsel advised him, during the plea allocution, to provide untruthful responses and lie about his involvement in the underlying robbery. While defendant initially equivocated during the plea allocution regarding the nature of his involvement in the robbery, after conferring with counsel, defendant unreservedly set forth and admitted, under oath, his specific role in helping Wells commit this robbery, and he repeatedly assured County Court that he had assisted in this crime. Given that defendant's allegations on the motion are contradicted by his sworn account and "unsupported by any other affidavit or evidence" and "there is no reasonable possibility that such allegation[s] [are] true," the court properly denied the motion without a hearing (CPL 440.30 [4] [d]; *see People v Ryder*, 136 AD3d 1109, 1109-1110 [2016], *lv denied* 27 NY3d 1005 [2016]; *People v LaPierre*, 108 AD3d 945, 946 [2013]; *People v Vallee*, 97 AD3d 972, 974 [2012], *lv denied* 20 NY3d 1104 [2013]).

Defendant's related contention on the motion that his plea

was not voluntary due to the alleged ineffective assistance of counsel survives his appeal waiver but was not preserved by a postallocution motion to withdraw, despite the opportunity to do so (*see* CPL 220.60 [3]; *People v Oddy*, 144 AD3d 1322, 1323 [2016]). Thus, County Court properly denied the motion to vacate on this ground because the necessary facts, which do not appear on the record on direct appeal, could "have readily been made to appear on the record" (CPL 440.10 [3] [a]) by a postallocution motion (*see People v Dickson-Eason*, 143 AD3d 1013, 1015 [2016], *lv denied* 28 NY3d 1123 [2016]). Were we to address the issue, we would find that defendant's guilty plea was knowing, voluntary and intelligent (*see generally People v Conceicao*, 26 NY3d 375, 382 [2015]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]).

Defendant's motion to vacate was also premised upon a claim of actual innocence, which was based upon Wells' recantation of his grand jury testimony after defendant was indicted but before defendant pleaded guilty. Assuming, without deciding, that there is a "freestanding actual innocence claim beyond that provided by CPL 440.10" (*People v Caldavado*, 26 NY3d 1034, 1037 [2015] [internal quotation marks omitted]) as recognized by the Second Department in *People v Hamilton* (115 AD3d 12, 15 [2014]), and that this claim applies to charges resolved by a guilty plea,[1] we find that defendant's submissions failed to establish his "factual innocence" (*id.* at 23). Notably, recantation evidence is viewed as an "extremely unreliable form of evidence" (*People v Larock*, 139 AD3d 1241, 1243 [2016], *lv denied* 28 NY3d 932 [2016]) and, here, the record reflects that Wells' testimony before the grand jury was corroborated and that his recantation was improperly influenced by defendant and friends and family on his behalf.[2] As this claim was not based upon "reliable evidence" (*People v Hamilton*, 115 AD3d at 23), the motion to vacate was properly denied.

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment and order are affirmed.

---

1. Defendant's reliance on Wells' recantation did not constitute newly discovered evidence because it was known prior to his guilty plea and, more importantly, because vacatur of a judgment of conviction on this ground is only available where there has been a "verdict . . . after [a] trial" (CPL 440.10 [1] [g]; *see People v Larock*, 139 AD3d 1241, 1243 [2016], *lv denied* 28 NY3d 932 [2016]).

2. County Court's order denying the motion to vacate indicates that Wells was subsequently convicted, upon his guilty plea, of attempted bribe receiving by a witness in regard to his recantation.