■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIN LAMBERT, Appellant. [55 NYS3d 526]—

Clark, J. Appeal from a judgment of the County Court of Ulster County (Williams Jr., J.), rendered October 14, 2014, convicting defendant upon his plea of guilty of the crime of robbery in the third degree (two counts).

Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to two counts of robbery in the third degree as charged in a superior court information. During the plea allocution, defendant admitted that he committed armed robberies of two banks in Ulster County on separate dates, during which he forcibly stole money. As part of the agreement, defendant was required to waive his right to appeal. Consistent with the plea agreement, County Court imposed upon defendant, as an admitted second felony offender, the promised prison sentence of 3 to 6 years on each count, to be served consecutively, and ordered that he pay restitution. Defendant appeals.

We affirm. Initially, we are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. Contrary to defendant's assertions, County Court explained during the plea colloquy that defendant would ordinarily retain the right to appeal, as well as the meaning of the appeal waiver that was required as a term of the plea agreement, and made clear that the right to appeal is separate and distinct from the trial-related rights that he automatically forfeited by his guilty plea (see People v Cuomo, 144 AD3d 1266, 1267 [2016]; People v Toledo, 144 AD3d 1332, 1332-1333 [2016], lv denied 29 NY3d 1001 [Apr. 6, 2017]). Defendant stated that he understood and agreed to waive his right to appeal, and then signed a detailed written waiver of appeal in open court after reviewing it with counsel and indicating that he had no questions about it. Both the oral and the written waivers specified that he would not be permitted to challenge the sentence as harsh and excessive. Consequently, the court ascertained that defendant, who was 49 years old and had extensive experience with the criminal justice system, appreciated the consequences of the appeal waiver, thereby establishing that the waiver was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337,

340-341 [2015]; *People v Griffin*, 134 AD3d 1228, 1229 [2015], *lv denied* 27 NY3d 1132 [2016]). Inasmuch as defendant's waiver of his right to appeal was valid, we are precluded from addressing his further contention that his sentence was harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Toledo*, 144 AD3d at 1332).

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.