Rose, J.
 

 Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered May 9, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.
 

 Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with assault in the second degree and criminal possession of a weapon in the third degree. In full satisfaction thereof, and consistent with the terms of the plea agreement, defendant subsequently pleaded guilty before County Court (Richards, J.) to attempted criminal possession of a weapon in the third degree. The plea agreement required defendant to waive his right to appeal and did not include a sentencing commitment. County Court (Champagne, J.) thereafter sentenced defendant to a prison term of IV3 to 4 years, prompting this appeal.
 

 Contrary to defendant’s assertion, we find that his combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Howe, 150 AD3d 1321, 1322 [2017]). The plea colloquy reflects that County Court (Richards, J.) advised defendant that his waiver of the right to appeal was separate and distinct from the trial-related rights that he was forfeiting, and defendant, in turn, indicated that he understood the nature of the waiver. In addition, defendant executed a detailed written waiver in open court, wherein he specifically waived any right to challenge the severity of the sentence imposed, and County Court confirmed that defendant had read the waiver, understood its contents and had been afforded sufficient time to discuss the waiver with counsel. Under these circumstances, we are satisfied that defendant’s waiver was valid (see People v Tulip, 150 AD3d 1564, 1565 [2017]; People v Howe, 150 AD3d at 1322; People v Bartlett, 148 AD3d 1471, 1471-1472 [2017]; People v Hall, 147 AD3d 1151, 1151 [2017], lv denied 29 NY3d 1080 [2017]). In light of the valid appeal waiver, defendant’s challenge to the severity of his sentence is precluded (see People v Lambert, 151 AD3d 1119, 1120 [2017], lv denied 29 NY3d 1092 [2017]; People v Dubois, 150 AD3d 1562, 1563 [2017]).
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.