Clark, J.
 

 Appeal from a judgment of the County Court of Madison County (Cerio Jr., J.), rendered January 6, 2016, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and assault in the second degree.
 

 In satisfaction of two separate indictments, defendant pleaded guilty to attempted burglary in the second degree and assault in the second degree and waived his right to appeal, both orally and in writing. In accordance with the plea agreement, defendant was sentenced to an aggregate prison term of four years with three years of postrelease supervision. Defendant now appeals.
 

 We affirm. Defendant’s contention that his waiver of his right to appeal was invalid is without merit. County Court explained to defendant the appeal process and that a waiver of the right to appeal was separate and distinct from the trial rights that defendant would forfeit by pleading guilty. Following this explanation, defendant confirmed that he understood. Defendant signed a written waiver of his right to appeal in open court and confirmed both that he had reviewed the document with counsel and that the waiver’s content reflected the court’s previous representations regarding the appeal waiver. The signed appeal waiver apprised defendant that he was waiving, among other things, his right to challenge “suppression issues.” Given the foregoing, we find defendant’s waiver of the right to appeal to be knowing, voluntary and intelligent (see People v Bartlett, 148 AD3d 1471, 1472 [2017]; People v Charleston, 142 AD3d 1248, 1249 [2016]). Defendant’s valid appeal waiver forecloses our review of his contentions regarding the suppression of certain statements that he made to police and whether probable cause existed for his arrest (see People v Oddy, 144 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1131 [2017]; People v Dickson-Eason, 143 AD3d 1013, 1013 [2016], lv denied 28 NY3d 1123 [2016]).
 

 Egan Jr., J.P., Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.