People v Smith (2018 NY Slip Op 00196)





People v Smith


2018 NY Slip Op 00196


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

107790

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
VIRGILIO SMITH, Appellant.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Michael Sardo, Law Intern), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 26, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.
Defendant was charged in a six-count indictment with various weapons- and drug-related crimes. In full satisfaction thereof, defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the third degree and executed a written waiver of the right to appeal. Consistent with the terms of the plea agreement, defendant thereafter was sentenced to a prison term of three years followed by two years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's assertion, the record establishes that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Pixley, 150 AD3d 1555, 1556-1557 [2017], lv denied 30 NY3d 952 [2017]). Defendant was apprised that a waiver of the right to appeal was a condition of the plea agreement (see People v Bateman, 151 AD3d 1482, 1483 [2017]) and, during the ensuing colloquy, County Court explained that defendant's right to appeal was separate and distinct from those trial-related rights automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]). Defendant, in turn, orally confirmed his understanding of the waiver and thereafter executed a detailed written waiver of appeal. He acknowledged that he had [*2]reviewed the waiver with counsel, indicating that he had no questions relative thereto, and again confirmed his understanding of the waiver (see People v Lambert, 151 AD3d at 1119; People v Tulip, 150 AD3d 1564, 1565 [2017]). "As defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record, we find that his waiver of appeal was made knowingly, intelligently and voluntarily" (People v Bateman, 151 AD3d at 1483 [internal quotation marks and citations omitted]; see People v Lester, 141 AD3d 951, 952 [2016], lv denied 28 NY3d 1185 [2017]).
Defendant's further challenge to the voluntariness of his plea survives the valid appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Additionally, inasmuch as a review of the plea colloquy reveals that defendant did not make any statements that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation doctrine has not been triggered (see People v Millard, 147 AD3d 1155, 1156 [2017], lv denied 29 NY3d 999 [2017]; People v Oddy, 144 AD3d 1322, 1323-1324 [2016], lv denied 29 NY3d 1131 [2017]).
McCarthy, J.P., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.