People v Gilmour (2018 NY Slip Op 02682)





People v Gilmour


2018 NY Slip Op 02682


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108729

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON M. GILMOUR, Appellant.

Calendar Date: March 2, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered July 5, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant was indicted and charged with burglary in the third degree and grand larceny in the third degree. In full satisfaction of that indictment and other pending charges, defendant agreed to waive his right to appeal and plead guilty to burglary in the third degree in exchange for the negotiated sentence of 3½ to 7 years — to be served as a sentence of parole supervision through the Willard Parole Supervision Program. At the conclusion of the plea colloquy that followed, defendant pleaded guilty to burglary in the third degree and thereafter was sentenced as a second felony offender in accordance with the
terms of the plea agreement. This appeal by defendant ensued.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal was knowing, intelligent and voluntary. County Court explained that defendant's appellate rights were separate and distinct from the trial-related rights that he was forfeiting and defendant, in turn, assured the court that he understood the nature of the waiver (see People v Cayon, 158 AD3d 946, 947 [2018]; People v Felker, 155 AD3d 1258, 1258 [2017]). Additionally, defendant signed a detailed written waiver, wherein he expressly waived his right to challenge the severity of his sentence and indicated that he had been afforded sufficient time to confer with counsel (see People v Lawrence, 155 AD3d 1259, 1260 [2017]; People v Upshur, 150 AD3d 1552, 1553 [2017]); the record further reflects that County Court confirmed that defendant had been fully apprised by counsel as to the significance of the waiver (compare [*2]People v Chappelle, 121 AD3d 1166, 1167 [2014], lv denied 24 NY3d 1118 [2015]). Under these circumstances, we are satisfied that defendant's combined oral and written waiver of the right to appeal was valid (see People v Hutchison, 151 AD3d 1481, 1482 [2017]; People v Mahon, 148 AD3d 1303, 1303 [2017]). In light of defendant's valid waiver, his challenge to the severity of the sentence imposed is precluded (see People v Curry, 158 AD3d 898, 899 [2018]; People v Brothers, 155 AD3d 1257, 1258 [2017]).
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.