People v Garcia (2018 NY Slip Op 05634)





People v Garcia


2018 NY Slip Op 05634


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

108471

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
JOY GARCIA, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered February 19, 2016, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In full satisfaction of a six-count indictment, defendant agreed to plead guilty to the amended/reduced charge of criminal possession of a controlled substance in the fifth degree in exchange for a recommended sentence of five years of probation. The negotiated plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty to the foregoing charge and, following two requested adjournments to allow defendant to consider whether she wished to withdraw her plea, County Court imposed the contemplated sentence. This appeal by defendant ensued.
We affirm. Contrary to defendant's assertion, we find that her waiver of the right to appeal was valid. The plea colloquy reflects that County Court advised defendant that the waiver of the right to appeal was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Dutcher, 156 AD3d 1122, 1122 [2017]; People v Lester, 141 AD3d 951, 952-953 [2016], lv denied 28 NY3d 1185 [2017]); after confirming that she had been afforded sufficient time to review the written waiver with counsel, defendant executed the written waiver in open court, assured the court that she understood its terms and indicated that she had no questions relative thereto (see People v Sharpe, 159 AD3d 1192, 1193 [2018], lv denied ___ NY3d ___ [June 12, 2018]; People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]). Under these circumstances, the combined oral and written waiver establish that defendant knowingly, intelligently and voluntarily waived her right to appeal (see People v Lawrence, 155 AD3d 1259, 1259-1260 [2017]; People v McCall, 146 AD3d 1156, 1157 [2017], lvs denied 29 NY3d 1033, 1034 [2017]; People v Mann, 140 AD3d 1532, 1533 [2016]). In light of the valid waiver, defendant's challenge to the severity of her sentence is precluded (see People v Webb, 157 AD3d 1132, 1132 [2018]; People v Belile, 137 AD3d 1460, 1461 [2016]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.