People v Putman (2019 NY Slip Op 00930)





People v Putman


2019 NY Slip Op 00930


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

108091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL R. PUTMAN, Appellant.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


John J. Raspante, Utica, for appellant.
William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered June 25, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant pleaded guilty to robbery in the second degree in full satisfaction of an 11-count indictment and waived the right to appeal. He was thereafter sentenced, as a second felony offender, to the agreed-upon term of imprisonment of nine years, to be followed by five years of postrelease supervision, with the sentence to run concurrently with the sentence defendant was already serving. Defendant appeals.
We affirm. Defendant contends that both the waiver of the right to appeal and his guilty plea were not entered into knowingly, intelligently and voluntarily. Initially, whether defendant's appeal waiver was knowing, intelligent and voluntary is of no consequence because defendant's challenge to the voluntariness of his guilty plea survives a valid waiver of the right to appeal (see People v Simon, 166 AD3d 1075, 1076 [2018]; People v Howe, 150 AD3d 1321, 1322-1323 [2017]). Although defendant's claim that his plea was involuntary because it was coerced survives an appeal waiver, the claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Robinson, 161 AD3d 1218, 1219 [2018], lv denied 31 NY3d 1152 [2018]; People v Rutigliano, 159 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1121 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy or sentencing proceeding that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Tucker, 164 AD3d 948, 950 [2018]; People v Kruppenbacher, 163 AD3d 1266, 1267 [2018], lv denied 32 NY3d 1065 [2018]). In any event, were the issue before us, we would find that defendant's plea did not result from coercion and was knowingly, intelligently and voluntarily entered.
Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.