People v Salmon (2020 NY Slip Op 00650)





People v Salmon


2020 NY Slip Op 00650


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

110136

[*1]The People of the State of New York, Respondent,
v
Rackish Salmon, Also Known as Sango, Appellant.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Donnial K. Hinds, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 30, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. After initially rejecting a plea offer, and following various examinations to determine his competency to, among other things, assist in his own defense, defendant elected to plead guilty to one count of attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment. The plea agreement, which required defendant to waive his right to appeal, contemplated that defendant would be sentenced to five years of probation. Following a detailed plea colloquy, defendant entered an Alford plea of guilty to the reduced charge, and County Court thereafter imposed the contemplated sentence of probation. This appeal ensued.
We affirm. Initially, we reject defendant's assertion that his waiver of the right to appeal was invalid. County Court explained that defendant's appellate rights were separate and distinct from the trial-related rights that defendant was forfeiting by virtue of his guilty plea, and defendant acknowledged both the nature of the waiver and his willingness to relinquish such right (see People v Bowden, 177 AD3d 1037, 1038 [2019]; People v Bridge, 166 AD3d 1168, 1168 [2018], lv denied 32 NY3d 1124 [2018]; People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]). Additionally, defendant executed a detailed written waiver in open court, and "County Court confirmed that defense counsel had [reviewed] the waiver of appeal with defendant and that defendant had no further questions regarding the written appeal waiver prior to signing it in open court" (People v Tietje, 171 AD3d 1355, 1356 [2019], lv denied 33 NY3d 1109 [2019]; see People v Sassenscheid, 162 AD3d 1108, 1109 [2018]). We therefore are satisfied that defendant's waiver of the right to appeal was knowing, intelligent and voluntary. Given defendant's valid appeal waiver, his challenge to the perceived severity of his sentence is precluded (see People v Lambert, 151 AD3d at 1120; People v Macon, 142 AD3d 739, 739 [2016], lvs denied 28 NY3d 1073, 1075 [2016]).
As for defendant's assertion that the indictment was facially defective in that it did not specify the "time and exact location" of the purported crimes, defendant did not move to dismiss the indictment upon this ground (see CPL 210.20, 210.25); hence, his argument on this point is unpreserved and also is precluded by his guilty plea and appeal waiver — unless the defect alleged rises to the level of a nonwaivable jurisdictional defect (see People v Slingerland, 101 AD3d 1265, 1265-1266 [2012], lv denied 20 NY3d 1104 [2013]). In this regard, "[a]n indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (id. at 1266 [internal quotation marks and citations omitted]; see People v Sanford, 148 AD3d 1580, 1581 [2017], lv denied 29 NY3d 1133 [2017]; People v Franklin, 146 AD3d 1082, 1083-1184 [2017], lvs denied 29 NY3d 946, 948 [2017]). CPL 200.50 (6) requires only that each count of the indictment contain a statement "that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (see People v Smith, 137 AD3d 1323, 1325 [2016], lvs denied 28 NY3d 973, 974 [2016]) — a requirement that was satisfied here — and neither the time of the offenses nor the location thereof were elements of the charged crime (see People v Slingerland, 101 AD3d at 1266). Accordingly, defendant's challenge to the factual sufficiency of the indictment constitutes a waivable, nonjurisdictional defect (see People v Hartle, 159 AD3d 1149, 1150 [2018], lv denied 31 NY3d 1082 [2018]; People v Slingerland, 101 AD3d at 1266; see generally People v Young, 100 AD3d 1186, 1187-1188 [2012], lv denied 21 NY3d 1021 [2013]). In any event, we note that the bill of particulars sets forth the date, approximate time and general location of the subject offenses, thus providing defendant with "fair notice of the accusations against [him] so that he could prepare a defense" (People v Young, 100 AD3d at 1188; see People v LaPage, 53 AD3d 693, 695 [2008]). Defendant's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.