People v Taylor (2025 NY Slip Op 06362)

People v Taylor

2025 NY Slip Op 06362

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

113563
[*1]The People of the State of New York, Respondent,
v
Amanda M. Taylor, Appellant.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Michael P. Langey, Acting District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Essex County (Richard Meyer, J.), rendered April 26, 2022, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.
In satisfaction of three pending indictments, defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree and agreed to waive her right to appeal. County Court sentenced defendant, as a second felony offender, to a prison term of seven years, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant contends that the failure to include the approximate time of the commission of the offense to which she pleaded guilty renders the indictment jurisdictionally defective. The record does not reflect that defendant moved to dismiss the indictment on this basis and, as such, her contention is unpreserved for our review and also precluded by the guilty plea and unchallenged appeal waiver, unless the omission constitutes a nonwaivable jurisdictional defect, which can be raised for the first time on appeal (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Salmon, 179 AD3d 1404, 1405 [3d Dept 2020]; People v Slingerland, 101 AD3d 1265, 1265-1266 [3d Dept 2012], lv denied 20 NY3d 1104 [2013]). To that end, "[a] count [in an indictment] is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime, such as where it fails to allege that a defendant committed acts constituting every material element of the crime charged or the acts it accuses defendant of performing simply do not constitute a crime" (People v Saenger, 39 NY3d 433, 438 [2023] [internal quotation marks and citation omitted]; see People v Hansen, 95 NY2d 227, 231 [2000]). The approximate time is not an element of the drug-related charge to which defendant pleaded guilty (see Penal Law § 220.39 [1]). Moreover, CPL 200.50 (6) does not require an indictment to include an approximate time but, rather, requires a statement that the offense "was committed on, or on or about, a designated date, or during a designated period of time." That requirement was satisfied here as the date of the alleged drug sale was set forth in the indictment. As defendant's contention does not amount to a jurisdictional defect but, rather, relates to the factual sufficiency of the indictment, which is nonjurisdictional in nature, such challenge — in addition to being unpreserved — is forfeited by her guilty plea and appeal waiver (see People v Henry, 237 AD3d 1258, 1259 [3d Dept 2025], lv denied 44 NY3d 982 [2025]; People v Salmon, 179 AD3d at 1405; People v Slingerland, 101 AD3d at 1266).
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.