■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD J. LEGEROS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered October 17, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of March 17, 1985, a group of hikers in Tomkins Cove, New York, discovered the skeletonized remains of a 20-to-30-year-old man, clad only in a black leather bondage mask. The victim was subsequently identified as missing Norwegian fashion student Eigil Dag Vesti, last seen by friends shortly after midnight on February 23, 1985. Four days after the discovery of the body, the 22-year-old defendant Bernard LeGeros admitted to Stony Point police that he had shot Vesti, and provided law enforcement officials with a detailed confession, which also implicated his employer, art dealer Andrew Crispo, in the crime.

Following his indictment on or about March 26, 1985, the defendant and his attorney voluntarily met with law enforcement officials on three occasions in order to provide additional information regarding Andrew Crispo's involvement in the slaying. However, during these meetings the defendant also provided additional information about his own role in the crime, and revealed the location of certain physical evidence, including the murder weapon. On appeal the defendant contends, *inter alia,* that his attorney's decision to allow him to provide law enforcement officials with this additional incriminating information constituted ineffective assistance of counsel. We disagree.

It is well settled that a reviewing court must look at the totality of the evidence, the law and the circumstances of a particular case in determining whether a defendant has been provided with the effective assistance of counsel, and must " 'avoid both confusing true ineffectiveness * * * with mere

losing tactics and according undue significance to retrospective analysis' " *(People v Satterfield,* 66 NY2d 796, 798; *People v Baldi,* 54 NY2d 137, 146; *People v Sanchez,* 148 AD2d 760). Applying these principles to the instant case, we conclude that defense counsel's decision to allow the defendant to cooperate in the Crispo investigation following the defendant's indictment was a legitimate strategy decision. As things stood at the time, the defendant had nothing to lose by cooperating with the Crispo investigation, and defense counsel could have reasonably believed that this cooperation could lead to a favorable plea agreement *(see, People v Smith,* 59 NY2d 156). Moreover, the decision to assist police in gathering evidence against Crispo was consistent with defense counsel's trial strategy, which sought to convince the jury that the defendant suffered from a mental disease or defect, and that Crispo took advantage of his illness by directing him to commit the murder.

Further, upon our review of the record, we conclude that the defendant received meaningful representation at trial, and that defense counsel proceeded as effectively as possible in light of the defendant's repeated admissions *(see, People v Satterfield, supra; People v Baldi, supra; see also, People v James,* 146 AD2d 712). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.