■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING ROSENBLUM, Appellant. [631 NYS2d 169] —Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered June 10, 1994, convicting him of criminal usury in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

There is no merit to the defendant's contention that the statement he gave as part of a plea agreement negotiated by his former counsel and that was subsequently read into the record at his trial should have been suppressed because he was denied the effective assistance of counsel. The defendant's truthful testimony at the trial of his codefendant was a condition of the plea agreement, which was set aside only after the defendant refused to testify at the trial of the codefendant. That a defense strategy, in which the defendant confesses in order to obtain a favorable plea, later fails does not render that strategy ineffective (see, People v Smith, 59 NY2d 156, 167).

Equally unavailing is the defendant's assertion that the supplemental instruction to the jury was erroneous because it allowed the jury to find that the defendant's participation in

the usurious scheme occurred at any time during the period stated in the indictment. Where time is not a material ingredient of the crime, the prosecution need not prove that the defendant committed the offenses during the entire period covered by the indictment but may show that the offense was committed at any time during the period covered by the indictment (see, People v La Marca, 3 NY2d 452, 458-459, cert denied 355 US 920; People v Cunningham, 48 NY2d 938, 940). Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.