■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON DAVIS, Appellant. [715 NYS2d 153] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered July 29, 1998, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly permitted the prosecutor to use the defendant's testimony from a prior trial involving another participant in the murder and the defendant's prior statement to the police as evidence at his own trial (*see, People v Evans,* 58 NY2d 14, 24).

The defendant was not deprived of the effective assistance of counsel (*see, People v Smith,* 59 NY2d 156; *People v Rosenblum,* 218 AD2d 823). His sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODROW FACCHINETTI, Appellant. [715 NYS2d 155] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 29, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence is legally insufficient is unpreserved for appellate review (*see, People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Rossey,* 89 NY2d 970, 972; *People v Norman,* 85 NY2d 609, 627). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.