The defendant's remaining contention is without merit. Goldstein, J. P., McGinity, Feuerstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TRISVAN, Appellant. [720 NYS2d 791] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 11, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions are either unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245), or without merit. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIK J. WILLIAMS, Appellant. [721 NYS2d 366] —The defendant

appeals from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 11, 1999, convicting him of sodomy in the first degree (two counts), sodomy in the second degree (three counts), and sexual abuse in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

There is no merit to the defendant's contention that the indictment should have been dismissed on the ground that it failed to provide sufficient notification of the dates and times of the alleged offenses (*see,* CPL 200.50 [6]). The defendant was charged with various offenses against a child, occurring between September 1, 1994, and October 31, 1994. The bill of particulars further specified, as to the charges of sodomy in the first degree and sexual abuse in the first degree, that these acts were committed in the evening in the child's bedroom and the living room. The two-month period during which the crimes were alleged to have occurred was not so lengthy that it was virtually impossible for the defendant to answer the charges and to prepare an adequate defense (*see, People v Keindl,* 68 NY2d 410, 416; *People v Morris,* 61 NY2d 290, 295-296; *People v Watt,* 192 AD2d 65, 67; *People v Lopez,* 175 AD2d 267).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.