■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HINSPETER, Appellant. [785 NYS2d 105]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 14, 2001, convicting him of sodomy in the first degree, sodomy in the second degree (three counts), rape in the first degree (two counts), rape in the second degree (three counts), aggravated

sexual abuse in the first degree, aggravated sexual abuse in the third degree, sexual abuse in the first degree (two counts), and sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that certain counts in the indictment should have been dismissed on the ground that sufficient notification of the dates of the alleged offenses was not given (*see* CPL 200.50 [6]). The time period during which the crimes allegedly occurred was not so lengthy that it was virtually impossible for the defendant to answer the charges and to prepare an adequate defense (*see People v Williams,* 280 AD2d 563, 564 [2001]; *People v O'Keefe,* 276 AD2d 647 [2000]).

The defendant's challenges to prospective jurors for cause were properly denied by the County Court because the jurors gave unequivocal assurances that they could set aside any bias and render an impartial verdict (*see People v Johnson,* 94 NY2d 600, 614 [2000]).

The County Court providently exercised its discretion in denying the defendant's motions for recusal and a mistrial. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno,* 70 NY2d 403, 405 [1987]). It is a discretionary determination within the personal conscience of the County Court, and considerable deference should be accorded to the County Court's exercise of its discretion (*see People v Grier,* 273 AD2d 403 [2000]).

The defendant's contention that the People failed to establish that child sexual abuse accomodation syndrome is generally accepted in the psychiatric community is unpreserved for appellate review, as he did not request a *Frye* hearing (*see Frye v United States,* 293 F 1013 [1923]) or object to the expert psychologist's testimony on the subject (*see* CPL 470.05 [2]; *People v Gallup,* 302 AD2d 681, 684 [2003]). Further, there is no merit to the defendant's contention that the expert testimony on the subject was inadmissible, as the testimony helped explain the complainant's behavior after the abuse, which was not within the purview of the average juror (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Taylor,* 75 NY2d 277, 288 [1990]).

The defendant's remaining contentions either are unpreserved for appellate review, without merit, or concern matters which are dehors the record. H. Miller, J.P., Crane, Mastro and Spolzino, JJ., concur.