■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICARRIO PRYCE, Appellant. [797 NYS2d 119]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 1, 2003, convicting him of attempted sexual abuse in the first degree, sexual abuse in the second degree (two counts), attempted sexual abuse in the second degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted sexual abuse in the first degree beyond a reasonable doubt (*see* Penal Law §§ 110.00, 130.65 [2]).

There is no merit to the defendant's contention that certain counts in the indictment should have been dismissed on the ground that sufficient notification of the dates of the alleged offenses was not given (*see* CPL 200.50 [6]). The time period during which the crimes allegedly occurred was not so lengthy that it was virtually impossible for the defendant to answer the charges and prepare an adequate defense (*see People v Hinspeter,* 12 AD3d 617, 618 [2004], *lv denied* 4 NY3d 764 [2005]; *People v Williams,* 280 AD2d 563, 564 [2001]). Contrary to the defendant's contention, "[w]here time is not a material ingredient of the crime, the prosecution need not prove that the defendant committed the offenses during the entire period covered by the indictment but may show that the offense was committed at any time during the period covered by the indictment" (*People v Rosenblum,* 218 AD2d 823, 824 [1995]; *see People v Cunningham,* 48 NY2d 938, 940 [1979]). Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.