■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REEDY, Appellant. [810 NYS2d 334]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered August 7, 2003, convicting him of robbery in the first degree and menacing in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the count of the indictment charging him with robbery in the first degree provided sufficient notice of the date of the offense (*see* CPL 200.50 [6]). The time period during which the crime was alleged to have occurred was not so lengthy that it was virtually impossible for the defendant to answer the charges and prepare an adequate defense (*see People v Pryce,* 19 AD3d 514 [2005]). Further, the defendant was given notice of the exact date prior to trial.

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation. In any event, these remarks did not deprive the defendant of a fair trial (*see People v Singh,* 299 AD2d 498 [2002]). Further, contrary to the defendant's contention, the prosecutor's cross examination of an expert witness for the defense also did not deprive the defendant of a fair trial.

Finally, the prosecutor's questioning of an eyewitness to the sale of the stolen jewelry did not exceed the proper scope of redirect examination. Adams, J.P., Ritter, Santucci and Lunn, JJ., concur.