People v Justiniano (2020 NY Slip Op 04863)





People v Justiniano


2020 NY Slip Op 04863


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-13512
 (Ind. No. 124/16)

[*1]The People of the State of New York, respondent,
v
Paul Justiniano, appellant.


Janet E. Sabel, New York, NY (Ronald Alfano of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered November 15, 2017, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, robbery in the second degree. Following a combined Wade/Huntley hearing (see United States v Wade, 388 US 218; People v Huntley, 15 NY2d 72), the Supreme Court, among other things, denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. After a jury trial, the defendant was convicted of robbery in the second degree. Before imposing sentence, the court adjudicated the defendant a second violent felony offender.
The defendant's contention that the law enforcement officials' statements made during the course of the interrogation negated the waiver of his Miranda rights (see Miranda v Arizona, 384 US 436) is unpreserved for appellate review because it was not raised as a ground for suppression in his motion papers or at the the hearing (see CPL 470.05[2]). In any event, the contention is without merit, as the Court of Appeals has rejected the theory that the validity of a defendant's waiver of his or her Miranda rights can be vitiated by police misconduct that occurs after the waiver (see Matter of Jimmy D., 15 NY3d 417, 424; People v Weaver, 167 AD3d 1238, 1241).
" At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary'" (People v Plass, 160 AD3d 771, 772, quoting People v Johnson, 139 AD3d 967, 969, affd 31 NY3d 942). To determine voluntariness, the hearing court must review the totality of the circumstances to see whether the defendant's will has been overborne (see People v Mateo, 2 NY3d 383, 413; People v Johnson, 139 AD3d at 969-970). A hearing court's credibility determinations are entitled to deference and will not be disturbed unless they are unsupported by the record (see People v Mateo, 2 NY3d at 413; People v Grant, 170 AD3d 888, 889).
The defendant's contention that the law enforcement officials deceived him by implying that making statements against his penal interest would be to his advantage is without merit. Generalized promises of leniency do not create a substantial risk that a defendant might falsely incriminate himself or herself (see People v Plass, 160 AD3d at 773; People v Lugo, 60 AD3d 867, 868-869), and there is nothing in the record to suggest that the statements made by the law enforcement officials were of a nature that they would have overborne the defendant's will (see People v Mateo, 2 NY3d at 413; People v Plass, 160 AD3d at 773). Therefore, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was properly adjudicated a second violent felony offender previously convicted of a violent felony (see Penal Law § 70.04). The defendant failed to sustain his burden of demonstrating that his previous plea of guilty was unconstitutionally obtained (see CPL 400.21[7][b]; People v Harris, 61 NY2d 9, 15-16; People v Cintron, 138 AD3d 755, 756). The record fails to establish that the defendant was deprived of the effective assistance of counsel during the prior plea proceeding (see Strickland v Washington, 466 US 668, 687-688; People v Benevento, 91 NY2d 708, 712-714; People v Baldi, 54 NY2d 137, 147).
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court