People v Galvez (2020 NY Slip Op 07091)





People v Galvez


2020 NY Slip Op 07091


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-06961
 (Ind. No. 1614/17)

[*1]The People of the State of New York, respondent,
v
Gonzalo Galvez, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Amanda
Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered May 31, 2019, convicting him of predatory sexual assault against a child (two counts) and course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record fails to establish that he was deprived of the effective assistance of counsel during plea negotiations (see People v Justiniano, 186 AD3d 1257; People v Heyliger, 138 AD2d 519). The defendant otherwise failed to demonstrate that his attorney's representation during trial "fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688), or that his attorney failed to provide him with "meaningful representation" (People v Baldi, 54 NY2d 137, 147).
The defendant's specific contention that the testimony of the People's expert impermissibly bolstered the testimony of the complaining witnesses is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit. The expert's testimony was properly admitted as it helped explain the complaining witness's behavior after the abuse, which was not within the purview of the average juror (see People v Carroll, 95 NY2d 375, 387; People v Taylor, 75 NY2d 277, 288; People v Keindl, 68 NY2d 410, 422; People v Goodman, 21 AD3d 906, 906-907; People v Hinspeter, 12 AD3d 617, 618), and the expert's testimony neither bolstered nor vouched for the complaining witness's credibility, as the expert spoke in general terms and did not suggest that the charged crimes occurred (see People v Tebout, 179 AD3d 1099, 1101; People v Taylor, 165 AD3d 707, 708-709).
The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to trial (see People v Hurley, 75 NY2d 887, 888; People v Soto, 155 AD3d 1066, 1068), "since he did not set forth the issue on the record at the time of sentencing" (People v Williams, 127 AD3d 1114, 1118). In any event, the record does not indicate any retaliation or vindictiveness against the defendant on the part of the Supreme Court in arriving at the sentence (see People v Fernandez, 115 AD3d 977, 979), and the fact that the [*2]sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Pena, 50 NY2d 400, 411-412; People v Roland, 167 AD3d 942, 944). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court