People v Buckley (2022 NY Slip Op 04197)

People v Buckley

2022 NY Slip Op 04197

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

112866
[*1]The People of the State of New York, Respondent,
v
Dustin D. Buckley, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Kathy Manley, Selkirk, for appellant.
Benjamin K. Bergman, Special Prosecutor, Binghamton, for respondent.

Egan Jr., J.P.
Appeal, by permission, from an order of the County Court of Broome County (Cawley Jr., J.), entered May 24, 2021, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crime of burglary in the first degree and to set aside the sentence, without a hearing.
In September 2015, five years after an incident in which defendant and Timothy Ellis broke into a residence in Broome County and Ellis assaulted the homeowner, defendant waived indictment and was charged in a superior court information with one count of burglary in the first degree. Defendant entered into a cooperation agreement with the District Attorney's office relating to the prosecution of Ellis and another individual and pleaded guilty to the charged crime.
A conflict subsequently arose that required the appointment of a special prosecutor to handle the case. As the result of a disagreement over defendant's sentencing exposure under the 2015 agreement, the Special Prosecutor proposed a new agreement providing that, in the event of full cooperation, defendant's plea would be vacated and he would be permitted to plead guilty to the reduced charge of burglary in the second degree in return for a sentence of 4½ years in prison and five years of postrelease supervision. Defendant initially rejected that offer and sought a hearing to determine whether he was entitled to specific performance of the 2015 agreement; in February 2016, however, he executed a new cooperation agreement that mirrored the offer. The 2016 agreement, among other things, required defendant to waive his right to the specific performance hearing on the 2015 agreement. It further vested the Special Prosecutor with sole discretion to determine whether defendant had cooperated fully and stated that, if defendant had not, his original guilty plea would stand and he would face a prison term ranging from 5 to 25 years, plus five years of postrelease supervision.
In April 2016, a new lawyer began handling defendant's case after the one who had been doing so, Christopher Brown, departed the firm that had been retained to represent defendant. In November 2016, the Special Prosecutor advised County Court that he was withdrawing the 2016 agreement because defendant had not fully cooperated in the prosecution of Ellis and, following an in camera inquiry by County Court, defendant was sentenced to a prison term of 14 years and five years of postrelease supervision. In the course of affirming that judgment, this Court noted that defendant's ineffective assistance of counsel argument, relating to counsel's failure to demand a hearing to review whether defendant had complied with his obligations under the 2016 cooperation agreement, was more appropriately raised in a CPL article 440 motion (167 AD3d 1085, 1087 [2018], lv denied 32 NY3d 1202 [2019]).
Defendant thereafter filed a motion pursuant to CPL 440.10 and 440.20, raising various arguments regarding counsel's performance [*2]and arguing that County Court should either reduce his conviction to burglary in the second degree and resentence him to a prison term of 4½ years as contemplated by the 2016 agreement or vacate his guilty plea. County Court denied defendant's motion without a hearing, and this appeal ensued.
Although County Court properly determined that defendant's contentions regarding the conduct of counsel at sentencing did not warrant a hearing to resolve, we agree with defendant that he is entitled to a hearing on whether counsel was ineffective in connection with defendant's alleged failure to fully cooperate under the terms of the 2016 cooperation agreement. A hearing is required on a CPL article 440 motion "if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Chaney, 160 AD3d 1281, 1285 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1146 [2018]; see People v Ferreras, 70 NY2d 630, 631 [1987]; People v Byrd, 174 AD3d 1133, 1134 [2019], lv denied 34 NY3d 979 [2019]). In that regard, defendant averred that he consistently gave a truthful account of the burglary and had fully cooperated in the prosecution of Ellis as required by the 2016 cooperation agreement, and his motion papers included a September 2016 supporting deposition from his sister and an affidavit from Brown to support those claims. Defendant also alleged specific deficiencies in counsel's performance, namely, that counsel failed to investigate whether the Special Prosecutor's withdrawal of the 2016 cooperation agreement was impermissibly "premised on bad faith, invidiousness, . . . dishonesty" or unconstitutional considerations and, moreover, failed to discuss the possibility of demanding a hearing on that issue with defendant (United States v Pollack, 91 F3d 331, 335 [2d Cir 1996]; see United States v Khan, 920 F2d 1100, 1105 [2d Cir 1990], cert denied 499 US 969 [1991]; People v Brewer, 118 AD3d 1409, 1411 [2014], lv denied 24 NY3d 1082 [2014]).
To be sure, counsel is not ineffective in failing to make an argument that stands little or no chance of success, and it is incumbent upon defendant to "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request" a hearing on the propriety of the Special Prosecutor's withdrawal of the 2016 cooperation agreement or to discuss the matter with defendant (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Ruffin, 191 AD3d 1174, 1182 [2021], lv denied 37 NY3d 960 [2021]). Nothing in the record before us conclusively demonstrates the accuracy of the Special Prosecutor's explanations for withdrawing the 2016 agreement; however, nor is there anything to conclusively debunk either the alleged failure of counsel to investigate that issue or the evidence reflecting that defendant had fully cooperated under the terms of the 2016 agreement (compare CPL 440[*3].30 [4] [c], [d]). Thus, as "we find that defendant provided sufficient sworn, material statements in support of his motion that, if credited, would establish that he received less than meaningful representation," we remit for a hearing to assess that claim (People v Sposito, 140 AD3d 1308, 1312-1313 [2016], affd 30 NY3d 1110 [2018]; see CPL 440.30 [5]; People v Jenkins, 68 NY2d 896, 898 [1986]; People v Hughes, 181 AD2d 912, 913 [1992]).
Lynch, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.