People v Clark (2022 NY Slip Op 05563)

People v Clark

2022 NY Slip Op 05563

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

112296 112654
[*1]The People of the State of New York, Respondent,
v
Dayzhon Clark, Appellant.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered August 16, 2019 in Albany County, convicting defendant upon his plea of guilty of the crime of assault in the first degree, and (2) by permission, from an order of said court, dated October 28, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Following a shooting in the City of Albany, defendant was charged by indictment with attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. After pretrial hearings and just prior to trial, defendant pleaded guilty to assault in the first degree under the second count of the indictment, admitting that he had intentionally caused serious injury to the victim by shooting him with a pistol. The plea agreement provided for a minimum prison sentence of 10 years with a sentencing cap of 12 years, to be followed by five years of postrelease supervision (hereinafter PRS) and included a waiver of the right to appeal. Supreme Court thereafter sentenced defendant to a prison term of 12 years, followed by five years of PRS. In 2020, defendant moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 based upon claims that he had procured newly discovered evidence and had not received the effective assistance of counsel. The court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, as the People concede and the record reflects, the waiver of appeal is unenforceable as Supreme Court failed to distinguish the right to appeal from the trial-related rights automatically forfeited by defendant's guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]). Moreover, both the oral colloquy and the written waiver of appeal were overly broad in that they failed to "ensur[e] that defendant understood that some appellate rights survive the appeal waiver" (People v Greene, 207 AD3d 804, 805 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1150 [2022]; see People v Thomas, 34 NY3d 545, 565-566 [2019]).
As for defendant's challenge to his guilty plea and related claim that counsel was ineffective, these claims are unpreserved, given his failure to avail himself of the opportunity to make an appropriate postallocution motion to withdraw his plea and, indeed, at sentencing he expressly declined an opportunity to make such a motion (see CPL 220.60 [3]; People v Reese, 206 AD3d 1461, 1463 [3d Dept 2022]; People v Miles, 205 AD3d 1222, 1223-1224 [3d Dept 2022]). Defendant made no statements during the plea allocution or at sentencing that negated an element of the crime or the voluntariness of his plea, so as to trigger the narrow exception to the preservation requirement (see People v Williams[*2], 27 NY3d 212, 214, 219—222 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]); his "unsworn, postplea statements to the Probation Department — to the extent that they were inconsistent with his admissions during the plea allocution — were unsubstantiated and did not impose a duty of further inquiry upon" Supreme Court (People v Sims, 207 AD3d 882, 884 [3d Dept 2022]). In any event, defendant's claims that his plea was not voluntary in that it was coerced and defense counsel failed to discuss the evidence and possible defenses with him are either unsupported by or belied by the record on direct appeal.
Given the invalid appeal waiver, defendant's argument that the sentence is harsh and excessive in light of his learning disability and lack of a prior felony conviction is not foreclosed (see People v Lopez, 6 NY3d at 256). However, upon review, despite defendant's age at the time of this crime, we are not persuaded that the sentence for this class B violent armed felony, which was less than half the permissible sentence (see Penal Law § 70.02 [1], [3] [a]) and was within the parameters of the plea agreement, is "unduly harsh or severe" (CPL 470.15 [6] [b]). Defendant shot the victim four times, causing severe injuries, in a senseless dispute, thereby warranting the sentence imposed.
Defendant argues that he received ineffective assistance of counsel, in that counsel failed to investigate eyewitness recantation evidence, potentially favorable testimony from his mother and the ownership of a cell phone found at the scene. Since "these contentions raise both record-based and nonrecord-based allegations of ineffectiveness, they will be addressed together in their entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion" (People v White—Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]). A claim of ineffective assistance of counsel must be supported with proof "that [the] attorney failed to provide meaningful representation" and that there were no "strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]).
With regard to defendant's claim that defense counsel failed to investigate a November 16, 2018 affidavit of the eyewitness to the shooting — defendant's then-girlfriend whom he later married — recanting her statement to police identifying defendant as the shooter, that affidavit is dated prior to defendant's guilty plea and he was aware of its existence. Thus, defendant could have raised this issue before Supreme Court and unjustifiably failed to do so, supporting the denial of the motion on this ground (see CPL 440.10 [3] [a]). Further, "recantation evidence is viewed as an extremely unreliable form of evidence" (People v Howe, 150 AD3d 1321, 1323 [3d Dept 2017] [internal quotation marks and citation omitted]), and the witness' preplea and postjudgment statements, which merely indicate [*3]that she did not witness defendant shoot the victim, are contradicted by defendant's sworn plea allocution admitting that he shot the victim. Under these circumstances, there is no reasonable possibility that the witness' recantation allegations are true or that defendant was innocent of the shooting (see id.; CPL 440.30 [4] [d]). More to the point, "a voluntary guilty plea is inconsistent with a claim of factual innocence" and, thus, "where the defendant has been convicted by guilty plea, there is no actual innocence claim cognizable under CPL 440.10 (1) (h)" (People v Tiger, 32 NY3d 91, 101, 103 [2018]). Further, defendant's submissions on the motion failed to demonstrate that defense counsel did not investigate these matters, and he did not submit an affidavit from counsel or provide an explanation for its absence, supporting denial of the motion (see CPL 440.30 [4] [b], [d]; People v Betances, 179 AD3d 1225, 1226 [3d Dept 2020], lv denied 35 NY3d 968 [2020]). To the extent that the witness' preplea and postjudgment affidavits, other evidence or witness accounts or the extent of counsel's investigation are claimed to constitute newly discovered evidence, vacatur on this ground is not authorized where, as here, a guilty plea was entered rather than a "verdict of guilty after trial" (CPL 440.10 [1] [g]; see People v Tiger, 32 NY3d at 99; People v Howe, 150 AD3d at 1323 n1).
As relevant here, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Johnson, 201 AD3d 1208, 1208 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Caban, 5 NY3d at 152). Here, defense counsel negotiated a favorable plea deal that avoided sentencing exposure of up to 25 years on the top two counts of the indictment and also satisfied potential, related witness tampering charges (see Penal Law § 70.02 [3] [a]). Given that defendant failed to provide "sufficient sworn, material statements in support of his motion that, if credited, would establish that he received less than meaningful representation," Supreme Court properly denied his motion without a hearing (People v Buckley, 206 AD3d 1470, 1472 [2022] [internal quotation marks and citation omitted]; cf. CPL 440.30 [5]). Defendant's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment and order are affirmed.