People v Gonyea (2022 NY Slip Op 06835)

People v Gonyea

2022 NY Slip Op 06835

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

110745 113254
[*1]The People of the State of New York, Respondent,
v
Kevin Gonyea, Appellant.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Marlene O. Tuczinski, Chatham, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered August 10, 2018, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and offering a false instrument for filing in the first degree, and (2) by permission, from an order of said court, entered December 9, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In July 2017, the Washington County Sheriff's Office responded to a call reporting the unattended death of a 95-year-old resident (hereinafter the victim) of the Town of Fort Ann, Washington County. At the time of her death, the victim resided with defendant and his wife, who had provided care for the victim since moving in with the victim and her late husband in 2016. Following their initial investigation, law enforcement requested an autopsy on the victim, which revealed the need to further investigate the victim's cause of death. Accordingly, law enforcement questioned defendant and his wife at the Washington County Sheriff's Office, during which the wife informed investigators that defendant had told her that he had strangled the victim with a towel. The wife later led the officers to the location where she had hidden the towel at defendant's behest.
Thereafter, defendant and the wife were jointly charged by a 15-count indictment which, in relevant part, charged defendant with the crimes of murder in the second degree (count 1), tampering with physical evidence (count 2), welfare fraud (count 6) and offering a false instrument for filing in the first degree (counts 8, 10, 12 and 14). Defendant and the People eventually came to a plea agreement that required defendant to provide sworn testimony inculpating other family members in the victim's murder. In exchange, defendant would plead guilty to the crimes of murder in the second degree and one count of offering a false instrument for filing in the first degree and waive his right to appeal in exchange for a prison sentence of 15 years to life for murder in the second degree and a lesser concurrent prison term for the other crime. Defendant thereafter provided the agreed-upon sworn testimony, during which he admitted to killing the victim but blamed his action on the influence of various family members. Two days after providing the sworn testimony, defendant pleaded guilty, waived his right to appeal and was sentenced in accordance with the plea agreement. Subsequently, defendant moved, pursuant to CPL 440.10, to vacate the judgment based on the ineffective assistance of counsel, and County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, with this Court's permission, from the order denying his postconviction motion.
Initially, defendant contends that the evidence before the grand jury concerning count 1 of the indictment was primarily based upon inadmissible hearsay and that the remaining [*2]evidence presented failed to support the People's theory of guilt. These arguments, however, are directed toward the sufficiency of the grand jury evidence and are therefore precluded by his guilty plea (see People v Torres, 199 AD3d 1076, 1077 [3d Dept 2021], lv denied 37 NY3d 1165 [2022]; People v Mercado, 188 AD3d 1418, 1419 [3d Dept 2020]). Further, while defendant's contention that his guilty plea was involuntary based upon the ineffective assistance of counsel survives his plea and unchallenged appeal waiver, it is nevertheless unpreserved in the absence of an appropriate postallocution motion (see CPL 220.60 [3]; People v Devins, 206 AD3d 1365, 1366-1367 [3d Dept 2022]; People v Botts, 191 AD3d 1044, 1045 [3d Dept 2021], lv denied 36 NY3d 1095 [2021]).
Turning to defendant's postconviction motion, the People concede, and we agree, that an amendment to CPL 440.10 made effective prior to County Court's determination on the motion required it to consider the entirety of defendant's claims directed toward the ineffective assistance of counsel, regardless of whether such claims were record based or concerned matters outside of the record (see L 2021, ch 501).[FN1] Nonetheless, although County Court erred to the extent that it may have based its denial of defendant's motion on CPL 440.10 (2) (b) and (c), it also determined that defendant's nonrecord-based claims did not warrant a hearing, and otherwise addressed the merits of his record-based arguments as alternative grounds for dismissal. Accordingly, we will address the entirety of defendant's claims in the context of his appeal from the denial of his CPL 440.10 motion (see People v Clark, ___ AD3d ___, ___, 175 NYS3d 751, ___, 2022 NY Slip Op 05563, *2 [3d Dept 2022]; People v White-Span, 182 AD3d 909, 914 [3d Dept 2020], lv denied 35 NY3d 1071 [2020]).
As to the merits of defendant's contentions, "[t]o establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Lafountain, 200 AD3d 1211, 1215-1216 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 951 [2022]; see People v Caban, 5 NY3d 143, 152 [2005]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Wright, 256 AD2d 643, 646 [3d Dept 1998] [internal quotation marks and citations omitted], lv denied 93 NY2d 880 [1999]; accord People v See, 206 AD3d 1153, 1156 [3d Dept 2022]; People v Wood, 203 AD3d 1406, 1407 [3d Dept 2022], lv denied 38 NY3d 1075 [2022]).
Defendant contends that his counsel's failure to pursue various pretrial hearings and to submit written arguments on his Huntley motion rendered his representation ineffective[*3]. We find such arguments are without merit, as defendant does not identify any specific incriminating statements that would have likely been suppressed, and counsel was not required to make motions that would ultimately prove futile (see People v Johnson, 201 AD3d 1208, 1208-1209 [3d Dept 2022]; People v Barzee, 190 AD3d 1016, 1021 [3d Dept 2021], lv denied 36 NY3d 1094 [2021]; People v Burns, 122 AD3d 1435, 1436-1437 [4th Dept 2014], lv denied 26 NY3d 927 [2015]). Further, the record reveals that the Huntley motion was returnable on the same day that defendant ultimately pleaded guilty, obviating the need to submit written arguments. To this end, we find that defendant's CPL 440.10 motion and its exhibits "fail[] to establish that counsel lacked a legitimate or strategic reason for forgoing [the] motions," inasmuch as such actions were clearly undertaken in the context of "negotiating a very favorable plea agreement in the face of strong evidence of guilt and lengthy sentencing exposure" (People v Fish, 208 AD3d 1546, 1549 [3d Dept 2022]; see People v Wright, 88 AD3d 1154, 1156 [3d Dept 2011], lv denied 18 NY3d 863 [2011]; compare People v Carnevale, 101 AD3d 1375, 1380-1381 [3d Dept 2012]).
We also reject defendant's contention that counsel failed to investigate and confer with him on several potential defenses including a potential extreme emotional disturbance defense. These claims are supported by defendant's affidavit alongside the affirmation of appellate counsel, which we find are self-serving, conclusory and contradictory to defendant's statements at his plea proceeding confirming that he had adequately discussed potential trial strategies and the strengths and weaknesses of his case with counsel and that he was satisfied with his performance (see People v Fish, 208 AD3d at 1549; People v Marte-Feliz, 192 AD3d 1397, 1399 [3d Dept 2021]; People v Passino, 25 AD3d 817, 818-819 [3d Dept 2006], lv denied 6 NY3d 816 [2006]). Further, our review of the record reveals that any potential extreme emotional disturbance defense had little chance of success in light of the evidence of defendant's conduct and statements before and after the victim's death (see People v Roche, 98 NY2d 70, 77 [2002]; People v Schumaker, 136 AD3d 1369, 1372 [4th Dept 2016], lv denied 27 NY3d 1075 [2016]; People v Coello, 129 AD3d 442, 443 [1st Dept 2015], lv denied 26 NY3d 927 [2015]). Accordingly, we find that the decision to forgo that defense in favor of pursuing a favorable plea does not establish that the representation was deficient (see People v Barrera, 129 AD3d 487, 487 [1st Dept 2015], lv denied 26 NY3d 926 [2015]; People v Davis, 265 AD2d 260, 261 [1st Dept 1999], lv denied 94 NY2d 879 [2000]; People v Kittle, 154 AD2d 782, 783 [3d Dept 1989], lv denied 75 NY2d 814 [1990]).
Finally, while counsel's decision to allow defendant to provide a sworn statement prior to his plea allocution may not have been the ideal approach, we cannot say that the decision was [*4]bereft of any discernable strategy on his part (see People v Smith, 59 NY2d 156, 166-167 [1983]; People v Rosenblum, 218 AD2d 823, 823 [2d Dept 1995]; People v LeGeros, 162 AD2d 475, 475-476 [2d Dept 1990], lv denied 76 NY2d 860 [1990]). The record reveals that, in the face of defendant's significant exposure to a lengthy sentence and substantial evidence of his guilt, counsel successfully pursued an advantageous plea agreement on his behalf, and defendant ultimately received all of the intended benefit (see People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]; People v Ballard, 200 AD3d 1476, 1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Accordingly, we find no basis to second guess defense counsel's strategic decision to allow defendant to provide the statement in pursuit of a plea, which eventually proved advantageous (see People v Benevento, 91 NY2d 708, 713 [1998]; People v Jackson, 128 AD3d 1279, 1280 [3d Dept 2015], lv denied 26 NY3d 930 [2015]; People v Wares, 124 AD3d 1079, 1081 [3d Dept 2015], lv denied 25 NY3d 993 [2015]). Considering the sum of defendant's contentions in the context of "counsel's representation in its totality," we cannot say that this decision or any other, cumulatively or in isolation, deprived defendant of meaningful representation (People v Garcia, 203 AD3d 1228, 1231 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]). In light of the foregoing, we find that defendant's submissions failed to establish the need for a hearing on his CPL 440.10 motion (see People v Clark, 2022 NY Slip Op 05563, *3; People v Guynup, 159 AD3d 1223, 1225 [3d Dept 2018], lv denied 31 NY3d 1082 [2018]).
To the extent that defendant's remaining claims are not addressed herein, they have been considered and found to be without merit.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: The October 2021 amendment to CPL 440.10 removed the procedural bars to collateral review of ineffective assistance of counsel claims in order to "encourage these claims to be brought in the preferable forum in the first instance" (Assembly Sponsor's Mem in Support, 2021 McKinney's Session Laws of NY at 2621). In other words, the Legislature eliminated the need for defendants to distinguish whether potential ineffective assistance of counsel claims are record based or whether they implicate matters outside of the record in determining how and when to raise such claims, and has instead stated a clear preference that all such claims be first raised on collateral review.