People v Banyai (2024 NY Slip Op 50401(U))

[*1]

People v Banyai (Daniel)

2024 NY Slip Op 50401(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-209 D CR

The People of the State of New York, Respondent,
against
Daniel Banyai, Appellant. 

Joseph L. Indusi, for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Scott L. Volkman, J.), rendered March 1, 2023. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, after a jury trial, of criminal contempt in the second degree (Penal Law § 215.50 [3]) and sentenced to three years' probation and a 60-day term of incarceration as a condition thereof to run currently therewith. 
Upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). "Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime" as charged to the jury, "for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (id. at 349). If a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded to the jury's opportunity to view the witnesses, hear their testimony, and [*2]observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
The People proved beyond a reasonable doubt that defendant knowingly violated a valid order of protection that prohibited him from communicating with the victim, directly or indirectly, including through electronic means such as social networking sites (see Penal Law § 215.50 [3]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; People v Swett, 67 Misc 3d 130[A], 2020 NY Slip Op 50429[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Ali, 63 Misc 3d 70, 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), by sending Facebook messages from an alias account to the victim's business account, where she ultimately received and reviewed the messages. Upon a review of the record, we find no basis to overturn the jury's credibility determinations and are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). 
Defendant's argument that the sentencing court punished him for exercising his right to have a trial by including a 60-day term of incarceration, rather than just probation, lacks merit (see People v Galvez, 188 AD3d 1251, 1252-1253 [2020]). Moreover, the record contains no support for defendant's contention that the sentence was retaliatory rather than based upon the seriousness of the offense and other relevant sentencing factors. The fact that a sentence imposed after trial is greater than the sentence offered during plea negotiations does not, without more, establish retaliation or vindictiveness (see People v Pena, 50 NY2d 400, 411-412 [1980]; People v Martinez, 26 NY3d 196, 200 [2015]; Galvez, 188 AD3d at 1252-1253; People v Chudy, 60 Misc 3d 139[A], 2018 NY Slip Op 51188[U] *4 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). We find that the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]).
Defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matters appearing on the record and, in part, on matters outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011]). It is not evident from the matters appearing on the record that defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825 [1981]; People v Brown, 45 NY2d 852, 853 [1978]). Since defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Atkins, 157 AD3d 899, 899-900 [2018]; People v Direnzo, 134 AD3d 851, 851 [2015]; People v Freeman, 93 AD3d 805, 806 [2012]; People v Perrone-Maple, 66 Misc 3d 142[A], 2020 NY Slip Op 50164[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024